# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/24

February 5, 2024

2/7/2024

*[Handwritten note: If you have prepared orders please submit them. I expect the City continues to oppose litigation. This court case is not inclined to countenance further delay.]*

**Via ECF**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lewis et al v. City of New York*, 23-cv-07594-CM

Dear Judge McMahon,

We represent the Plaintiff in the above-caption matter and we write to request that this Court issued an Order permitting the medical records for Emanual Sullivan to be disclosed for use in this matter, for an Order extending the time for Defendant the City of New York to respond to the Complaint, to update the Court regarding the pending applications to the Surrogates Court in Bronx County, and to request discovery.

*First*, Plaintiff asks that Mr. Sullivan's medical records be disclosed for use in litigation, including records relating to his mental health care. Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), a "covered entity," which includes medical providers like the ones on Rikers Island, may disclose "protected health information," in response to "an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(g). Accordingly, "a purpose of HIPAA was that health information, that may eventually be used in litigation or court proceedings, should be made available during the discovery phase." *Bayne v. Provost*, 359 F. Supp. 2d 234, 237 (N.D.N.Y. 2005); *In re Zyprexa Prod. Liab. Litig.*, 254 F.R.D. 50, 53 (E.D.N.Y. 2008) (same). Here, we ask that the Court issue an Order requiring any medical providers, including those employed by the City on Rikers Island, to accept a HIPAA release signed by Plaintiff as Proposed Administrator.

*Second*, the City of New York and Plaintiff have conferred, in light of the Court's comments at the prior conference, and agreed to request an extension of the time to Answer to April 30, 2024, which will avoid potential motion practice over standing.

*Third*, on Friday, the trusts and estates firm visited the Surrogates Court in the Bronx to inquire on the status of this, and their other cases. There are two parts to Plaintiff's application. Plaintiff must first be appointed as guardian over Mr. Sullivan's infant son's finances, for the limited purpose of acting as Administrator. Mr. Sullivan's infant son is the sole beneficiary, and his son's mother has agreed to let Plaintiff handle the Estate. Once this is completed, Plaintiff will need to be provided with letters of administration. The Surrogates Court handles applications like

Rickner PLLC

these in batches by month, and will only tell you if they are up to the month you filed, or not. Here, they are not. No other information was provided.

Plaintiff's counsel asked our trusts and estates counsel about filing in the Appellate Division to force faster action. Plaintiff was strongly advised against it. The Surrogates Court in the Bronx handles many, many cases where someone has died and there is a lawsuit related to the death. Filing a writ of mandamus could be seen as an attempt to skip the line in front of other families. And the issue is not purely ministerial. Under the law, the Surrogates Court does exercise discretion over each application, even where it is fairly obvious what the ultimate result will be, because no one is contesting it. Courts in the Bronx are not receiving adequate funding, and there has been at least one class action as a result.[1] This hurts many families in the County, who have delays in civil cases like this one, as well as housing and family court. In Surrogates Court, the only way to speed the process is to show that the delay has caused a crisis, like a filing deadline that will be missed, an order that cannot be complied with, or an asset that will be jeopardized. Fortunately, no such crisis exists in this case.

*Consequently*, Plaintiff asks that this case proceed into discovery, either in whole or in part. There are several categories of documents, directly related to the claim, that could be exchanged now and would give the parties a head start into full discovery once an Administrator is appointed. The Board of Correction, who overseas the Department of Correction, which runs Rikers Island, did an investigation into Mr. Sullivan's death. That report and the materials collected could be produced. The Department of Correction is doing an investigation, and it would be useful to know when it will be finished, and materials, like video, that has been collected as part of the investigation, could be produced. The New York State Commission of Correction may also have done an investigation, which can be obtained by subpoena. Or, in the alternative, Plaintiff is happy to simply engage in full discovery, with a Scheduling Order.

Plaintiff thanks the Court for its attention to this matter.

Respectfully,

/s/

Rob Rickner

---

[1] https://www.bronxdefenders.org/the-bronx-defenders-reaches-settlement-in-bronx-court-delay-case/