
| | | |
|---|---|---|
| **Muriel Goode-Trufant**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **BELINA ANDERSON**<br>Phone: (212) 356-4367<br>Fax: (212) 356-2089<br>Email: beanders@law.nyc.gov |

November 27, 2024

*By ECF*
The Honorable Colleen McMahon
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

    Re: *Lewis v. City of New York* (23-CV-7594 [CM])

Dear Judge McMahon:

    I am the Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, assigned to represent Defendant City of New York. Plaintiff brings this action, individually, and as proposed Administratrix of the Estate of Emanual Devine Sullivan, her son, for claims arising from his death on May 22, 2022 while in the custody of the New York City Department of Correction ("DOC"). I write in response to Your Honor's November 22, 2024 Order requesting the parties report, separately or jointly, on the status of the matter within seven (7) days, which is this coming Friday, November 29th. ECF No. 22.

    I conferred with Plaintiff's counsel yesterday by email and today by telephone. He advised me of the status of the proceedings in Surrogate's Court and we discussed the implications for this matter. We also agreed to write separately to inform the Court about our respective efforts.

    Since the initial conference on January 18, 2024 (ECF No. 12), I have followed the guidance of this Court. After that conference, counsel conferred about their respective factual investigations. On February 5th, Plaintiff's counsel made a letter motion requesting, *inter alia*, an order compelling discovery of medical records (citing HIPAA) and an extension of time for the City to respond to the Complaint. ECF No. 15. I drafted a letter joining in Plaintiff's letter motion, clarifying that the City did not waive its right to move to dismiss but had agreed with Plaintiff's counsel to discover medical records. The draft letter also set forth New York State law applicable to certain types of records and to requests directed to Correctional Health Services (CHS), an entity separate from DOC.

Before the City filed its letter, Your Honor issued an Order on February 7th, stating, "If you have prepared orders please submit them." ECF No. 16. On February 13th, I reached out to Mr. Rickner to discuss discovery further; alert him I would be away the following week; and inform him that, in addition to HIPAA, New York State laws and regulations applied to decedent's medical records. Mr. Rickner responded that he was focused on obtaining records from the New York State Commission of Corrections ("COC") (which conducts an inquiry when an incarcerated individual dies in custody). Nevertheless, by February 15th, we had agreed we should soon submit a joint request for discovery to Your Honor.

I next heard from Mr. Rickner on February 28th. Mr. Rickner did not propose draft orders of discovery, but he asked me to send him the New York State authority to which I had referred in our prior conversations. I resumed research and inquiry of DOC, CHS, and New York City Health and Hospitals Corporation. I also inquired of the status of the COC investigation and learned their investigation was still pending.

Also in February, I obtained DOC's preliminary investigation report, autopsy, and inmate profile, including decedent's age, custody level, charge information (Murder- 2nd degree A felony and Robbery 1st degree B Felony), days of incarceration (approximately 14 weeks), movement history, infractions history, and history of physical and mental health encounters. DOC is required by law to investigate a death in custody, whether a lawsuit is filed or not, and such investigation is conducted according to applicable state and local rules and regulations, not at the direction of an Assistant Corporation Counsel or another at the Law Department. DOC's investigation includes witness interviews. I did not anticipate additional witness interviews, unless Plaintiff later sought to depose additional witnesses.

On March 18th, Your Honor issued her Order requesting Surrogate's Court filings and dates. ECF No. 17. The next day, Plaintiff's counsel provided additional information to Your Honor regarding Surrogate's Court. ECF No. 18. Thereby, I was likewise informed. Plaintiff also sought leave to file guardianship papers under seal. *Id.* On March 20th, the City requested the Court order Plaintiff to produce to the City any Surrogate's Court records provided to the Court and to inform the City about the Surrogate Court's proceeding(s). ECF No. 19. By this letter, the City, respectfully, renews those requests.

In June, I received DOC's final investigation report. I also repeated my request to COC for its report. On June 24th, Your Honor issued a memo endorsement of Plaintiff's March 19th letter motion for leave to file guardianship papers. ECF No. 20. Your Honor declined to reconsider the ruling that this case will not be dismissed due to the Surrogate Court "pending application." *Id.* Your Honor also terminated Plaintiff's letter motion regarding guardianship papers, and wrote that discovery would be expedited as soon as there is "an order of appointment." ECF 21. Counsel for the parties next communicated after Your Honor's November 22nd request. ECF 22.

I await further guidance from the Court after Plaintiff's counsel provides Your Honor with the requested update.

Respectfully,

*Belina Anderson*
Belina Anderson
Assistant Corporation Counsel

by ECF:  Rob Rickner
Rickner, LLP
Counsel for Plaintiff