# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/10/2025

December 13, 2024

**Via ECF**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten annotations: ASAP, 1/9/2025 Conference, 1/16/2025 @ 11:00 AM, Colleen McMahon signature]*

Re:   *Lewis et al v. City of New York*, 23-cv-07594-CM

Dear Judge McMahon,

We represent the Plaintiff Kelly Lewis in the above-caption matter and we write jointly to provide the Court with an update, to request some targeted pre-answer discovery, and to set a date for the Defendant, the City of New York, to answer.

*First*, attached as Exhibit A, is a subpoena to the New York State Commission of Correction. While technically this is pre-answer discovery, we believe that getting the investigation file will be provide us with a head start in discovery. The Commission typically collects most, if not all, the documentation regarding the underlying incident. The Commission requires a so-ordered subpoena, based on state law. Of course, that is not binding on this Court, but it will ultimately be faster to serve them with a so-ordered subpoena, rather than engaging in motion practice, which is why we are requesting it.

In addition, if there are mental health records, the Commission typically sends them to the court for *in camera* review, pursuant to New York Mental Hygiene Law § 33.13, for a determination of whether the need for confidentiality is outweighed by a substantial need for the records in litigation. An example of an order in a prior case is attached as Exhibit B for reference. Again, state law likely does not bind this Court, but the Commission would likely force litigation absent an order pursuant to § 33.13, which could be time-consuming.

*Second*, Plaintiff provided a draft proposed protective order, and Defendant is reviewing it and will return any edits shortly. The proposed order does include the Court's required addendum.

*Third*, the Plaintiff will provide HIPAA releases and school releases to the Defendants within 14 days, so that Defendant can begin collecting records relevant to damages. In turn, within 30 days, the Defendant will produce the New York City Department of Correction report regarding Mr. Sullivan's death, and the parties are discussing a rolling production of the Department records regarding the incident.

Rickner PLLC

And finally, the Defendant will answer the Complaint on February 6, 2025. Plaintiff agrees to this deadline given the pre-answer discovery the parties have agreed to, and after these core documents are exchanged, the parties will confer as to whether settlement is possible without additional, and more voluminous, discovery.

We thank the Court for considering this request.

Respectfully,

/s/

Rob Rickner