UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



KELLY LEWIS, individually and as
proposed Administrator of the Estate of
EMANUEL DEVINE SULLIVAN,

Plaintiff,

-against-

THE CITY OF NEW YORK,

Defendants.

Case No.: 23-CV-7594

[PROPOSED]
PROTECTIVE ORDER

WHEREAS, the parties have agreed to engage in limited discovery prior to responding to the Complaint, and will require a protective order going forward if the case does not resolve;

THE COURT HEREBY ORDERS THAT:

1. As used herein, "Action" shall mean the above-captioned action.

2. "Confidential Materials" shall mean:

   a. New York City Department of Correction ("DOC") personnel and disciplinary-related records, and records of investigations regarding DOC staff;

   b. The medical records of the deceased, Emanuel Devine Sullivan. Any records relating to the criminal charges that resulted in Emanuel Devine Sullivan being incarcerated, which were dismissed when he died, and any

2

        other records relating to sealed arrests and prosecutions;

c. Any document(s) or information relating to educational records, including but not limited to documents that include grades; assignments; coursework; credits; diplomas; school services; attendance; discipline; school-related medical, psychiatric records, and/or substance disorder records.

d. Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they ~~relate to the incident(s) underlying the Complaint in the action~~, are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

3. The parties shall have forty-five (45) days to inspect and designate as Confidential Material documents and information provided in response the first request made by the opposing party and thirty (30) days for such designation for subsequent requests. If either party needs additional time to so designate a production, the parties can confer and agree upon additional time without Court order.

4. This Court's Order shall not be interpreted as a waiver of objections the parties may make in response to the opposing party's request for documents and information.

5. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

3

6. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

7. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

    c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Department of Correction, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

8. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further

4

disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

9. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

10. The Producing Party or its counsel may designate documents as Confidential by clearly marking the documents with the word "CONFIDENTIAL" in an area of the document, like the margins, where the text and content of the document itself is not obstructed in any way; watermarks or other markings on the document itself are not permitted. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Material. If subsequently so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Order. The parties will meet and confer if either party discovers later on that a document is confidential, and agree whether the party waived such designation or such document shall thenceforth be treated as Confidential Material.

11. Pursuant to FRCP 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

12. The Producing Party or its counsel may designate deposition exhibits or portions

of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

13. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the Producing Party shall, within 45 days of the initial objection, seek a ruling from the Court as to whether the document should remain confidential. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

14. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

15. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or

their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

16. This Protective Order shall not be constructed to limit, modify, or interfere in any manner with DOC's or its employees' of officials' use in the ordinary course of business and as permitted by law documents and information designated as Confidential Material in this action that they legally have in their possession and that were not received through disclosure in this acton or through releases or authorizations signed by Plaintiff.

17. Nothing in this Protective Order will prevent the parties from producing any confidential material in their possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that the Parties give written notice to the producing Party's counsel as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 business days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deem it appropriate to do so.

18. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

19. The Court will retain jurisdiction over all persons subject to this Protective Order

7

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. The Parties may seek modification of this Protective Order by application to the Court for good cause. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

20.  Nothing in this Protective order constitutes an admission by any party that Confidential Materials disclosed in this phase of the action is relevant or admissible. Each party reserved the right to object to the use or admissibility of the Confidential Information.

21.  Pursuant to Section VI of the Court's Individual Practices and Procedures, the parties accept the Court's addendum regarding confidentiality, as follows:

    a.  The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

    b.  It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

    c.  The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe

should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

SO ORDERED:

_____
COLLEEN MCMAHON
United States District Judge

Dated: 27 Jan, 2025
New York, New York

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY LEWIS, individually and as proposed Administrator of the Estate of EMANUEL DEVINE SULLIVAN,<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>Defendants. | Case No.: 23-CV-7594<br><br>ACKNOWLEDGEMENT |

The undersigned hereby acknowledges that (s)he has read the Protective Order issued in the above-captioned case, and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                                    _____

Date                                                                                        Signature

_____

Print Name