UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KELLY LEWIS, individually and as proposed Administrator of the Estates of EMANUEL DEVINE SULLIVAN,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK,

                              Defendant.

------------------------------------------------------------------- x

**ANSWER**

Case No.: 23-CV-7594

Defendant, City of New York, by its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York ("Defendant"), in response to the Complaint, respectfully alleges as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that Plaintiff purports to describe the action.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that Plaintiff purports to describe the action.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, and respectfully refers the Court to the cited statute for the circumstances where fees and costs are authorized.

        4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admits, on information and belief, that Plaintiff filed a Notice of Claim, and that the claim number is 2022PI024378.

        5.      Admits, on information and belief, the allegations set forth in paragraph "5" of the complaint.

6. Admits, on information and belief, the allegations set forth in paragraph "6" of the complaint.

7. Paragraph "7" of the complaint is a jury demand, to which no affirmative response is required.

8. Denies the allegations set forth in paragraph "8" of the complaint, and affirmatively states that Defendant does not contest venue in this district.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that the City of New York is a municipal entity created under the laws of the State of New York, and that a city agency, the Department of Correction ("DOC"), operates the jails on Rikers Island.

11. Denies the allegations set forth in paragraph "11" of the complaint, and affirmatively states that the law of negligence is complex and nuanced, and the Court is respectfully referred to the underlying caselaw, including that relating to the 'assumption of risk' doctrine.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that Sullivan was housed at AMKC, 6 Upper South, on May 28, 2022.

13. Admits the allegations set forth in paragraph "13" of the complaint, except denies that Plaintiff was locked in at 11:35 p.m.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Admits the allegations set forth in paragraph "19" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the conclusory allegation that Sullivan "was, most likely, dead," at the time.

20. Denies the allegations set forth in paragraph "20" of the complaint except admits the cause of death was an opioid overdose and that the decedent was 20 years old.

21. Denies the allegations set forth at paragraph "21" of the complaint.

22. In response to paragraph "22" of the complaint, Defendant repeats and realleges it's prior responses as if fully set forth herein.

23. Denies the allegations set forth at paragraph "23" of the complaint.

24. Denies the allegations set forth at paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint, and respectfully refers the Court to the cited news article for it's full text and import.

26. Denies the allegations set forth at paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint, and respectfully refers the Court to the cited Monitor report for it's full text and import.

28. Denies the allegations set forth in paragraph "28" of the complaint, and respectfully refers the Court to the cited Monitor report for it's full text and import.

29. Denies the allegations set forth at paragraph "29" of the complaint.

30. Denies the allegations set forth in the paragraph "30" of the complaint, and respectfully refers the Court to the cited Attorney General Report for its full text and import.

31. Denies the allegations set forth in paragraph "31" of the complaint, and respectfully refers the Court to the cited media report for its full text and import.

32. Denies the allegations set forth in paragraph "32" of the complaint, and respectfully refers the Court to the cited media report for its full text and import.

33. Denies the allegations set forth at paragraph "33" of the complaint, and respectfully refers the Court to the cited media report for it's full text and import.

34. Denies the allegations set forth in paragraph "34" of the complaint, and respectfully refers the Court to the cited media report for its full text and import.

35. Denies the allegations set forth in paragraph "35" of the complaint, and respectfully refers the Court to the cited media report for it's full text and import.

36. Denies the allegations set forth in paragraph "36" of the complaint, and respectfully refers the Court to the cited media report for it's full text and import.

37. Denies the allegations set forth in paragraph "37" of the complaint, and respectfully refers the Court to the cited media report for it's full text and import.

38. Denies the allegations set forth in paragraph "38" of the complaint, and respectfully refers the Court to the cited media report for it's full text and import.

39. Denies the allegations set forth at paragraph "39" of the complaint.

40. Denies the allegations set forth at paragraph "40" of the complaint.

41. In response to paragraph "41" of the complaint, Defendant repeats and realleges it's prior responses as if fully set forth herein.

42. Denies the allegations set forth at paragraph "42" of the complaint.

43. Admits the allegations set forth at paragraph "43" of the complaint.

44. Denies the allegations set forth at paragraph "44" of the complaint.

45. Denies the allegations set forth at paragraph "45" of the complaint.

46. Denies the allegations set forth at paragraph "46" of the complaint.

47. Denies the allegations set forth at paragraph "47" of the complaint.

48. In response to paragraph "48" of the complaint, Defendant repeats and realleges it's prior responses as it fully set forth herein.

49. Denies the allegations set forth at paragraph "49" of the complaint.

50. Denies the allegations set forth at paragraph "50" of the complaint.

51. Denies the allegations set forth at paragraph "51" of the complaint.

52. Denies the allegations set forth at paragraph "52" of the complaint.

53. Denies the allegations set forth at paragraph "53" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

54. Plaintiff lacks standing to bring this action.

## SECOND AFFIRMATIVE DEFENSE

55. Defendant has not violated any rights, privileges, or immunities under the United States Constitution or any other laws of the United States or the State of New York or any related political subdivision.

## THIRD AFFIRMATIVE DEFENSE

56. At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably, properly, lawfully, and in good faith.

## FOURTH AFFIRMATIVE DEFENSE

57.     Plaintiffs fail to state a claim for Municipal Liability under the requirements of *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

## FIFTH AFFIRMATIVE DEFENSE

58.     The City is not liable for punitive damages.

Dated:    New York, New York
         March 20, 2025

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-174
                              New York, New York 10007
                              (212) 356-2086
                              corsland@law.nyc.gov

                        By:    _____
                              Chlarens Orsland
                              Assistant Corporation Counsel

TO:    RICKNER, PLLC
       *Attorney for Plaintiff*
       14 Wall Street, Suite 1603
       New York, NY 10005
       (212) 300-6506